## Platt *against* Rice.

Donation land, granted by patent, to the widow of a revolutionary soldier, in pursuance of the act March 24, 1785, is subject to taxation, and may be sold as unseated land, for the non-payment of taxes.

ERROR to the district court of *Crawford* county.

Samuel Rice against Lenthal Platt. Ejectment for 250 acres of land in Oil Creek township.

The land in dispute was a donation tract, regularly assessed and taxed, in the name of W. M'Gee, and sold as unseated, for the non-payment of taxes, by the treasurer, to Edward A. Reynolds, who conveyed the same to the plaintiff.

The defendant gave in evidence a patent, dated March 26, 1787, from the supreme executive council of Pennsylvania, to Sarah M'Gee, late Sarah Bradley, widow and relict of Edward Bradley, a sergeant in the army of the United States, for the land in dispute, to hold to the said Sarah M'Gee, and the heirs of the said Edward Bradley. The widow was alive when the land was sold for taxes. And upon this evidence the question was, whether the land was the subject of taxation and sale, as unseated.

The court below (Thompson, president) was of opinion, that the exemption of donation land from taxation only extended to the officer and soldier, and not to his widow and children, although the patent did not issue until after his death; and directed a verdict for the plaintiff.

*Church* and *Pearson,* for plaintiff in error, cited 1 *Serg. & Rawle* 67; 4 *Binn.* 90; *Act of* 1780; 1 *Smith's Laws* 487; 2 *Smith's Laws* 63, or 4 *Smith's Laws* 287; *Act of* 1795; 2 *Smith's Laws* 487, in note.

*Riddle* and *Derrickson,* for defendant in error, cited 7 *Watts* 516; 7 *Smith's Laws* 197.

The opinion of the court was delivered by

[Platt v. Rice.]

Rogers, J.—The regularity of the plaintiff's title is conceded, and the only question presented is, whether the first section of the act of March 16, 1785, and its supplements, which provide "that all lands, &c., granted to the officers and soldiers of the line of this state, as a reward for their services, shall be exempt from taxation, for and during the life of such officer and soldier, respectively, unless the same shall be transferred or aliened to any other person," extends to a case where the patent for the donation tract is made after the death of the officer or soldier, to his widow and children. Under the act of 1785 it is very clear they could claim no such exemption, as they do not come within the words, and there is nothing to show they are embraced by its spirit. This is indeed conceded; but it is contended, that as, by the fourth section of a subsequent act, passed the 24th of March of the same year, the widow and children are entitled to the donation to their deceased parent and husband, they are placed on the same footing as to the exemption from taxation. But this does not appear to be a fair construction of the latter act. By the original act only the officer and soldier, personally, were entitled to claim the land, and the intent of the supplement, would seem to be, to place the widow's children, in that respect, in the same situation they would have been had the patent been granted in the lifetime of the deceased officer or soldier. Although it was but an act of justice to place them on the same footing with their ancestor, there is no indication of any intention to put them in a better situation, which will be the effect of exempting the lands from taxation in their hands. If the patent was granted to the soldier himself, it would be exempt from taxation only during his life, and would have descended to his wife and children with the ordinary burthen upon it. Why then should the legislature adopt a different rule, when, from the accident of death, the patent was granted directly to his representatives. No conceivable reason can be given for making such a distinction, nor is there any thing in the act which indicates any such intention. The legislature have thought it right that they should lose nothing by his death, but no intention is perceived to better their situation by that event. The inconvenience of such an enactment, which doubtless was foreseen by the legislature, is a strong argument against this construction. Where the patent was granted to the children of the deceased, on the construction claimed, the land would be exempt from taxation until the death of all the children—at least a portion of it must be in that predicament, which would produce great entanglement and inconvenience in the collection of the county rates. That land in the hands of the widow and children is not exempt from taxation, is conceded by counsel in the argument of the case of Turner *v.* The Commissioners of Mercer, 1 *Serg. & Rawle* 62, although a contrary opinion is intimated by Mr Justice Brackenridge in the same case.

Reference has been made to the fifth section of the act of April 2, 1802. This act directs the board of property to issue a patent in

[Platt v. Rice.]

favour of the widow, heir or heirs, for such donation lands, and on the same conditions as the officer and soldier were, if living, to be entitled to. This act does not apply to a patent granted in 1787, previous to its passage, as is very clear. But, aside of this objection, it would make no difference as to this part, if it did. The meaning of the words, " on the same condition," evidently is, that the board of property are directed to issue the patent in such cases, without the exaction of the ordinary fee of office, or the payment of the purchase-money, or, in other words, without any expense whatever, as it would be the case if issued to the officer or soldier, if living. If the legislature intended that the land should also be exempt from taxation, they would not have left the matter in doubt, by the use of general terms, but would have evidenced their meaning by express words. The exemption from the usual burthen is personal to the officer or soldier, and cannot be extended by implication to embrace within its pretension the widow and children.

Judgment affirmed.